```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                  Civil Action No. 1:14-29603

RAMEY MOTORS, INC., et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' partial motion to dismiss. (Doc. No. 19). Because defendants' motion is untimely, it is **DENIED**.

### I.   Factual and Procedural Background

Defendants in this case are automotive dealers in the southwestern Virginia and southern West Virginia areas.[1] In April 2012, the Federal Trade Commission (hereinafter "FTC") determined that defendant Ramey Motors, Inc. had violated the FTC Act and the Truth in Lending Act. The parties entered into a Consent Order enjoining defendant from making specific

---

[1] Specifically, defendant Ramey Motors, Inc. is a West Virginia corporation with its principal place of business in Princeton, West Virginia. Defendant Ramey Automotive Group, Inc. is a West Virginia corporation with its principal place of business in Beckley, West Virginia. Defendant Ramey Automotive, Inc. is a Virginia corporation with its principal place of business in Richlands, Virginia. Defendant Ramey Chevrolet, Inc. is a Virginia corporation with its principal place of business in North Tazwell, Virginia.

misrepresentations in its advertisements. (Doc. No. 1 at Exh. A).

In December 2014, plaintiff filed suit, alleging that the four named defendants have violated the Consent Order. On March 5, 2015, defendants filed a partial motion to dismiss the complaint, arguing that defendant Ramey Motors, Inc. was the only party to the Consent Order and, therefore, defendants Ramey Automotive Group, Inc., Ramey Automotive, Inc., and Ramey Chevrolet, Inc. were not bound by its terms.

## II.  Discussion

Defendants' motion is moot because defendants failed to file within the deadlines set by the court. The court's scheduling order required the parties to submit any motions under Rule 12(b) on or before March 4, 2015. (Doc. No. 18). Defendants filed their motion on March 5, 2015, making it untimely.

The Federal Rules of Civil Procedure allow a court to extend the time prescribed for submission of motions. Specifically, Rule 6(b)(1) provides:

> When an act may or must be done within a specified
> time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the
> court acts, or a request is made, before the
> original time or its extension expires; or
> (B) on motion made after the time has expired if
> the party failed to act because of excusable
> neglect.

2

(2014). In this case, neither party requested an extension for submission of 12(b) motions before expiration of the submission date. Further, defendants did not move the court for an extension after the March 4, 2015 deadline expired, nor have defendants argued that their late submission resulted from excusable neglect. Therefore, the prerequisites for an extension under Rule 6(b)(1) have not been fulfilled and the court cannot find good cause to extend the deadline for submission of 12(b) motions, rendering defendants' motion untimely.

### III. Conclusion

Accordingly, defendants' partial motion to dismiss, (Doc. No. 19), is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 17th day of April, 2015.

Enter:

David A. Faber
Senior United States District Judge